# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

July 13, 2006

Curtis J. Crowther
Sean T. Greecher
Young Conaway Stargatt &
Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Attorneys for Zenith
Industrial Corporation

Thomas C. Martin
Fox Rothschild LLP
919 N. Market Street
Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

Michael J. Connolly
Bressler, Amery & Ross, P.C.
P.O. Box 1980
Morristown, NJ 07962
325 Columbia Turnpike
Florham Park, NJ 07932

Attorneys for Longwood
Elastomers, Inc.

**Re:  Zenith Industrial Corporation v. Longwood Elastomers, Inc.
Adv. Proc. No. 04-53015**

Dear Counsel:

This is with respect to Plaintiff's motion for partial summary judgment (Doc. # 45).  For the reasons set forth below, pursuant to Rule 56(f), I will defer disposition of the motion.

In its brief in opposition (Doc. # 48), Defendant repeatedly asserts that Plaintiff has failed to properly respond to numerous discovery requests.  If Defendant believes it is entitled

2

to further discovery responses from Plaintiff, it should file an appropriately focused Rule 37 motion.  The motion papers are too unfocused to treat Plaintiff's opposition brief as an alternative Rule 37 motion.

Notwithstanding any incomplete discovery, I would observe at this point that I am not impressed with the arguments set forth in Defendant's opposition brief.  I comment on a few of them.

With respect to the "property of the debtor" argument, I find highly speculative the suggestion that the alleged preference payments may have been "earmarked" funds received from AZ Automotive, Inc. ("AZ").  First, with respect to the March 2002 bank statement, I note that the $4,000,000 deposit on March 11, 2002 appears to reflect the same type of transaction that occurred on March 4, 2002 in the amount of $400,000 and on March 8, 2002 in the amount of $300,000.  I suspect that similarly labeled transactions may be reflected on the February bank statement (a document I have not seen).  Second, in his December 19, 2005 letter to Defendant's counsel, counsel for AZ represented that: "Mr. Corbe has indicated to me that if called to testify, he would indicate that none of the deposits during February or March 2002 into any Zenith bank account came from AZ Automotive".  If Defendant does not wish to accept that representation, then it seems to me that counsel for Defendant should depose Mr. Corbe.

With respect to Defendant's argument regarding the "on account of an antecedent debt" I am equally not impressed.  While the $506,035 figure may be subject to an adjustment in a small amount for "prepayments", the "continued relationship" theory as additional consideration (Doc. # 48, pp. 13-14) strikes me as fanciful.

There may exist an issue on one aspect of the "ordinary course of business" defense, viz., whether a long series of payments by check followed by one wire transfer on the eve of bankruptcy is alone sufficient to preclude the application of the ordinary course defense.  However, I do not understand that the relevant facts surrounding the ordinary course defense are in dispute.  As the Third Circuit noted: "Factors such as timing, the amount and manner in which a transaction was paid are considered relevant."  In re First Jersey Securities, Inc., 180 F.3d 504, 512 (3d Cir. 1999).  While not effectively addressed in the motion papers, I assume these three factors are the subject of sufficient and undisputed facts easily found either in the record or in the possession or control of the parties.

My overall assessment of this preference action is that the facts in issue are narrow in scope and we should be able to try this case in one day and hopefully I could rule from the bench.

Under the circumstances, I am directing Defendant to immediately get on with the discovery, including the prompt filing

4

of an appropriate Rule 37 motion if it deems that to be necessary. The discovery should be completed within 60 days.  Upon the completion of any additional discovery, we will have a status conference at which time we can set a trial date.  Counsel should confer on this matter and then contact chambers for the scheduling of a status conference in late September.

Very truly yours,

Peter J. Walsh

PJW:ipm