# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

August 30, 2006

Curtis J. Crowther
Sean T. Greecher
Young Conaway Stargatt &
Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Attorneys for Zenith
Industrial Corporation

Bernard George Conaway
Thomas C. Martin
Fox Rothschild LLP
919 N. Market Street
Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323

Michael J. Connolly
Bressler, Amery & Ross, P.C.
P.O. Box 1980
Morristown, NJ 07962
325 Columbia Turnpike
Florham Park, NJ 07932

Attorneys for Longwood
Elastomers, Inc.

**Re: Zenith Industrial Corporation v. Longwood Elastomers, Inc.
Adv. Proc. No. 04-53015**

This is with respect to the Defendant Longwood Elastomers, Inc.'s ("Longwood") motion to compel discovery (the "Motion") (Doc. # 52). I find the pleadings on this matter rather confusing.

In the Motion, Longwood focuses on the $4,000,000 deposit transaction reflected in Zenith Industrial Corporation's ("Zenith") bank statement. This is an item that was addressed in my letter of

July 13, 2006. Notwithstanding the Motion's focus on that particular bank transaction, in its prayer for relief Longwood requests an order compelling Zenith and AZ Automotive, Inc. ("AZ") to respond to the request contained in Longwood's October 25, 2005 letter attached as Exhibit B to the Motion. That letter contains a long list of requested documents.

In its objection (Doc. # 53) to the Motion, Zenith asserts that following Longwood's initial broad discovery request, Longwood "[u]ltimately . . . provided a streamlined list of documents to AZ and Zenith. In response to this document request, AZ produced 1,164 pages of documents to AZ." (Doc. # 53, ¶ 7) (Presumably, the last reference to "AZ" is intended to be a reference to Longwood.) Is the "streamlined list" a reference to the list in Longwood's October 25, 2005 letter and were the 1,164 pages of documents in response thereto? If so, then Longwood needs to particularize in a motion to compel what was not produced in response to the "streamlined list." On the other hand, if the "streamlined list" is not a reference to the October 25, 2005 letter, then Zenith needs to particularize what it is referring to and what has been its response to the October 25, 2005 letter.

If, in fact, the principal purpose of the Motion is to obtain more information regarding the $4,000,000 bank transaction, then I believe Zenith has an obligation to further respond. In its objection, Zenith states that the individual with the most

information regarding this transaction is a Mr. Ed Corbe and that it has already advised Longwood that "if called to testify, he would indicate that none of the deposits during the February or March 2002 into any Zenith bank account came from AZ Automotive." (Doc. # 53, paragraph 8)  I believe this is an insufficient response.  It is not sufficient to simply state that the funds did not come from AZ.  Apparently, Longwood's inquiry is: "What is the source of the funds, not limited to AZ as a possible source."  I am doubtful that this information is helpful to Longwood, but if it believes that it is, then I think it is entitled to an answer.

In its prayer for relief, Longwood requests that I order both Zenith and AZ to comply with the October 25, 2005 letter request and to appear for a deposition thereafter.  I have no jurisdiction to compel AZ to comply with this discovery.  Longwood has an appropriate remedy in the court out of which the AZ subpoena was issued.

In its objection, Zenith repeatedly asserts that it is not in possession of any of the documents sought by Longwood because in the sale transaction with AZ the documents were turned over to AZ.  (Doc. # 53, pp. 1, 2, 3, 4, 5, 6 and 9)  For Rule 34 purposes, it is not only the documents in a party's possession that are discoverable.  Rule 34 requires the production of documents "which are in the possession, custody or control of the party upon whom the request is served".  In that regard, I note

that pursuant to Section 5.2(c) of the March 8, 2002 Asset Purchase Agreement, Zenith has a right of access to all of the books and records that were transferred by Zenith to AZ in connection with the asset sale.

Zenith's cross motion for summary judgment is premature.

Given the confusion in the pleadings related to the Motion, the only conclusion I can come to at this time is that Zenith should produce all documents in its possession, custody or control relating to the $4,000,000 transaction reflected on the bank statement and Longwood should pursue the deposition of Mr. Ed Corbe by an appropriate subpoena.

For purposes of the record in this adversary proceeding, I consider this letter to be a disposition of Longwood's Motion. But this ruling is not intended as a limitation on Longwood's discovery rights if it still has such rights. In any event, counsel should schedule a status conference so that we can move forward to a trial on the merits.

Very truly yours,

Peter J. Walsh

PJW:ipm